1  **CLAYEO C. ARNOLD**
   **A Professional Corporation**
2  **Clayeo C. Arnold, SBN 65070**
   **Kirk J. Wolden, SBN 138902**
3  **608 University Avenue**
   **Sacramento, CA 95825**
4  **Telephone (916) 924-3100**
   **Fax: (916) 924-1829**
5
   **Attorney for Plaintiffs,**
6  **JENNIFER BORISSOFF and VALENTIN BORISSOFF**

7

8              **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT**

10

11

12 **JENNIFER BORISSOFF and VALENTIN** )   **Case No: CV-08-3491-WHA**
   **BORISSOFF,**                        )
13                                        )   **FIRST AMENDED COMPLAINT FOR**
        **Plaintiffs,**                   )   **PERSONAL INJURIES AND LOSS OF**
14                                        )   **CONSORTIUM; DEMAND FOR JURY**
   **vs.**                                )   **TRIAL**
15                                        )
   **GLAXOSMITHKLINE,**                   )
16 **GLAXOSMITHKLINE CONSUMER**           )
   **HEALTHCARE, GLAXOSMITHKLINE**        )
17 **CONSUMER HEALTHCARE L.L.C.,**        )
   **GLAXOSMITHKLINE CONSUMER**           )
18 **HEALTHCARE, L.P.,**                  )
                                          )
19      **Defendants.**                    )
                                          )
20 _____)

21      Plaintiffs JENNIFER BORISSOFF and VALENTIN BORISSOFF hereby claim and for causes

22 of action against Defendants, aver as follows:

23                  **GENERAL ALLEGATIONS**

24      1.      Plaintiffs JENNIFER BORISSOFF and VALENTIN BORISSOFF are individuals who were

25 residents in this Federal Judicial District for a significant period of time during which plaintiff

26 JENNIFER BORISSOFF purchased and used defendants' denture adhesive products, primarily

27 Super Poligrip.

28 ///

First Amended Complaint                    1

1

## JURISDICTION

2      2.     Jurisdiction is based on 28 U.S.C. section 1332 given that plaintiffs on the one hand

3 presently reside in Las Vegas, Nevada and defendants GLAXOSMITHKLINE, GLAXOSMITHKLINE

4 CONSUMER      HEALTHCARE,    GLAXOSMITHKLINE     CONSUMER      HEALTHCARE    L.L.C.,

5 GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., (collectively "GSK") whose principal place of

6 business is in the State of Pennsylvania, are citizens of diverse states, and the amount in

7 controversy exceeds $75,000.00.

8

## VENUE

9      3.     Venue is proper under 28 U.S.C. 1391 (b)(2) in that a substantial part of the events

10 or omissions on which the claim is based occurred within this judicial district.

11

## DEFENDANTS

12      4.     At all times relevant, Defendants GSK were Delaware corporations with their

13 principal place of business in the United States in the State of Pennsylvania.   Defendants GSK

14 developed, designed, formulated, manufactured, tested, packaged, labeled, advertised, marketed,

15 distributed and have sold Poligrip and Super Poligrip denture adhesive products.

16      5.     Plaintiff JENNIFER BORISSOFF is 34 years old. Plaintiff JENNIFER BORISSOFF used

17 Super Poligrip commencing in 1999, after damage to her teeth caused by braces left her denture

18 dependent.  Plaintiff JENNIFER BORISSOFF ceased the use of Super Poligrip in or about early

19 2007, after she was diagnosed with neuropathy attributed to excess zinc and resulting copper

20 depletion attributable to Super Poligrip.  For the majority of the time JENNIFER BORISSOFF

21 purchased and used Super Poligrip, she resided in San Jose, California. Although zinc and copper

22 levels have returned to normal after ceasing the use of Super Poligrip, she now suffers from

23 profound and permanent neurological and other injuries attributable to her Super Poligrip use,

24 which injuries have left plaintiff JENNIFER BORISSOFF unable to perform her normal, customary

25 and daily activities, and in need of constant care and assistance.  Plaintiffs allege that these

26 injuries and disabilities are a result of an actionable defect in the Super Poligrip products used

27 by plaintiff JENNIFER BORISSOFF, and negligence on the part of GSK.

28 ///

## FIRST CAUSE OF ACTION

### (Strict Products Liability for JENNIFER BORISSOFF)

6.     Plaintiffs reallege and incorporate by this reference as though set forth in full, each and every, all and singular, the allegations contained in paragraphs 1 through 5 above.

7.     Super Poligrip products contain a form of zinc which is bonded to a chemical of unknown formulation.  Plaintiffs aver that when Super Poligrip is foreseeably swallowed and otherwise exposed to the user's gastrointestinal tract, zinc in excess amounts is absorbed in the body's tissues, upsetting mineral homeostatis and resulting in depleted copper levels in the body. This copper depletion results in the development of, *inter alia*, a constellation of neurological symptoms generally referred to as neuropathy and other complications.  By the time these symptoms are noticed and eventually connected to excess zinc and copper depletion, permanent neurological and other physical injury has already been suffered by the user.  While cessation of Super Poligrip generally results in a return to normal zinc and copper levels, symptoms generally do not improve.  The former user is thus left with permanent, profound personal injuries, and enduring disabilities.

8.     Defendants GSK developed, designed, formulated, manufactured, packaged, labeled, advertised, marketed, instructed on and warned about, distributed and sold Poligrip and Super Poligrip denture adhesive products since at least 2001.

9.     Poligrip and Super Poligrip products are FDA class I medical products.

10.     Defendants GSK are strictly liable to Plaintiff JENNIFER BORISSOFF because Super Poligrip was defective and unreasonably dangerous for use due to its defective design, manufacture, production, development, formulation, packaging, advertising, marketing, distribution and sale, and due to defendants GSK's failure to provide adequate instructions regarding use and warnings of the substantial dangers known or knowable at the time of Poligrip and Super Poligrip's labeling, marketing, advertising, distribution and sale, up to the time of plaintiff JENNIFER BORISSOFF' injuries.

11.     Defendants GSK through their wrongful acts and omissions placed on the market and in the stream of commerce a defective product, Poligrip and/or Super Poligrip, unreasonably

dangerous to the consumer, knowing that the product would reach and did reach the ultimate consumer without substantial change in the defective condition it was in from the date when it left Defendants' control.

12. Defendants GSK knew or should have known that the ultimate users or consumers of this product would not, and could not, inspect Poligrip and/or Super Poligrip or otherwise investigate so as to discover the latent defects described above. The product was defective when it left the control of Defendants GSK.

13. Defendants GSK knew or should have known of the substantial dangers involved in the reasonably foreseeable use of Poligrip and/or Super Poligrip, whose defective design, manufacture, formulation, and lack of instructions and warnings caused it to have an unreasonably dangerous propensity to cause injury in users as a result of the upset to normal physiologic mineral homeostatis set in motion by excess zinc absorption from metabolized zinc.

14. Plaintiff JENNIFER BORISSOFF used Super Poligrip as intended in a manner reasonably foreseeable to defendants GSK, and in a manner that was reasonably foreseeable by Defendants as involving a substantial danger not readily apparent if adequate instructions regarding use and warnings of the danger were not given.

15. Plaintiff JENNIFER BORISSOFF was a foreseeable user of Poligrip and Super Poligrip.

16. Plaintiff JENNIFER BORISSOFF has and will continue to suffer losses, including medical and loss of income, and harms, including physical and emotional injury, which harms and losses are in excess of $75,000.00. These harms and loses were the legal and proximate result of Poligrip and/or Super Poligrip's defect including but not limited to defendants GSK's failure to provide adequate instructions for use and warnings of the risks of substantial harm associated with the foreseeable use of said product.

### SECOND CAUSE OF ACTION

### (Negligence for JENNIFER BORISSOFF)

17. Plaintiff JENNIFER BORISSOFF incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

18. Defendants, and each of them, owed a duty to plaintiff JENNIFER BORISSOFF to

First Amended Complaint                                    4

use reasonable care in the development, design, manufacture, packaging, labeling, testing, marketing, advertisement, inspection, distribution, provision of warnings and instructions, and sale of Poligrip and/or Super Poligrip to be used by the public and ultimate users, like Plaintiff JENNIFER BORISSOFF, for the purpose for which such products were intended.

19.    Defendants breached said duty and are guilty of one or more of the following negligent acts and/or omissions:

a.    Failing to use due care in the development, design, formulation, manufacturing, labeling, testing, assembly, marketing, advertising, inspection, sale and/or distribution of Poligrip and/or Super Poligrip and/or to utilize and/or implement reasonably safe designs for it;

b.    Failing to provide adequate and proper warnings to the public and to Plaintiffs of Poligrip and Super Poligrip's dangerous propensities when used in a reasonably foreseeable manner;

c.    Failing to design, formulate, manufacture and incorporate or to reformulate Poligrip and Super Poligrip with reasonable safeguards and protections against the type of injury and damage suffered by plaintiff JENNIFER BORISSOFF when used in a reasonably foreseeable manner;

d.    Failing to adequately prevent, identify, mitigate, and fix defective designs and hazards associated with Poligrip and Super Poligrip in accordance with good design practices;

e.    Failing to notify and warn the public including Plaintiff JENNIFER BORISSOFF of reported incidents involving injury, etc., and the negative health effects of excess zinc, thus misrepresenting the safety of the product;

f.    Failing to make timely and adequate corrections to the manufacture, design and formulation of Poligrip and Super Poligrip so as to prevent and/or minimize the problems suffered by Poligrip and Super Poligrip use;

g.    Failing to use due care in the testing, formulation, inspection, distribution, sale and instructions regarding the product at all times prior to plaintiffs' injuries having manifested themselves; and

h.    Otherwise being careless and negligent.

First Amended Complaint                                5

20.    Defendants GSK knew or should have known from their study and testing, the understanding of the formula and its makeup, the toxicity of the product and its constituent parts, and its history, that the product was defective.

21.    Defendants knew or should have known that Poligrip and Super Poligrip had the toxic propensities which it has presented here, and knew of different safer alternatives and adequate corrections which were available which would have avoided the incident, and plaintiff JENNIFER BORISSOFF' damages and injury.

22.    Defendants developed, designed, formulated, manufactured, labeled, tested, marketed, advertised, inspected, sold, distributed and otherwise placed on the market and in the stream of commerce, and/or in a manner and in a condition unreasonably dangerous to the consumer.

23.    Plaintiff JENNIFER BORISSOFF' damages and injuries are the legal and proximate result of the negligent actions of Defendants. As a result, defendants are liable to Plaintiff JENNIFER BORISSOFF for compensatory and general damages.

24.    Plaintiff JENNIFER BORISSOFF has and will continue to suffer losses, including medical and loss of income, and harms, including physical and emotional injury, which harms and losses are in excess of $75,000.00. These harms and loses were the legal and proximate result of Poligrip and Super Poligrip's defect including but not limited to defendants GSK's failure to provide adequate instructions for use and warnings of the risks of substantial harm associated with the foreseeable use of Poligrip and Super Poligrip.

### THIRD CAUSE OF ACTION

### (Loss of Consortium for VALENTIN BORISSOFF)

25.    Plaintiff VALENTIN BORISSOFF incorporates by reference all preceding paragraphs and allegations as set forth herein.

26.    Plaintiffs were at all relevant times lawfully married.

27.    As a further legal result of the wrongful conduct and negligence of Defendants, and each of them, plaintiff VALENTIN BORISSOFF lost and was deprived of the service, love, companionship, comfort, affection, society, relations and solace of JENNIFER BORISSOFF as a wife.

First Amended Complaint                    6

1  Plaintiff VALENTIN BORISSOFF is informed and believes and therefore alleges, that because of the
2  permanent injuries sustained by Plaintiff JENNIFER BORISSOFF as herein alleged, he will in the
3  future continue to lose all or a portion of the aforesaid items, all to his damage in an amount in
4  excess of the jurisdictional limits of this Court, which will be shown according to proof at time of
5  trial.

6  ## PRAYER FOR RELIEF

7  Wherefore, Plaintiffs pray judgment against Defendants GSK as follows:

8  1.  Special damages for JENNIFER BORISSOFF;

9  2.  General damages for JENNIFER BORISSOFF;

10  3.  Loss of consortium damages for VALENTIN BORISSOFF;

11  4.  Costs of suit;

12  5.  Prejudgment interest; and

13  6.  For such other and further relief as the court deems just and proper.

14  Dated: August 5, 2008                      CLAYEO C. ARNOLD
                                              A Professional Law Corporation
15
16
17                                            By: _____
                                                  KIRK J. WOLDEN
18                                                Attorney for the Plaintiffs
19

20  ## DEMAND FOR JURY TRIAL

21  Plaintiffs, JENNIFER BORISSOFF and VALENTIN BORISSOFF, hereby demand trial by a jury
22  of their peers.

23  Dated: August 5, 2008                      CLAYEO C. ARNOLD
                                              A Professional Law Corporation
24
25
26
27                                            By:_____
                                                  KIRK J. WOLDEN
28                                                Attorney for the Plaintiffs

First Amended Complaint                    7